IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>vs.<br><br>KLN ENTERTAINMENT, LLC d/b/a SLIDEWAYS KARTING CENTER, NATE VAN HAAFTEN, KEVIN COTTINGTON and LOGAN VAN ZANTE, and ALEXANDRA O'NEILL and PHILLIP CASTELLANO on behalf of G.C. a minor,<br><br>　　Defendants. | No. ____CV_____<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW the Plaintiff, Cincinnati Insurance Company, by and through the undersigned counsel, and for its Complaint states as follows:

1.　Cincinnati Insurance Company (Cincinnati) seeks a declaration pursuant to 28 U.S.C. § 1332, et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and Rule 57 of the Federal Rules of Civil Procedure to determine that it has no duty to defend or indemnify, KLN Entertainment, LLC d/b/a Slideways Karting Center, Nate Van Haaften, Kevin Cottington and Logan Van Zante under the insurance policy which Cincinnati issued to KLN Entertainment, LLC d/b/a Slideways Karting Center for the period of March 1, 2017 – March 1, 2018, policy no. CSU006720 (the "Cincinnati policy") with respect to the underlying lawsuit filed by Alexandra O'Neill and Phillip Castellano on behalf of G.C. in the Iowa District Court in and for Marion County, captioned *Alexandra O'Neill and Phillip Castellano on behalf of G.C., a minor vs. KLN*

*Entertainment, LLC d/b/a Slideways Karting Center, Nate Van Haaften, Kevin Cottington and Logan Van Zante*, No. LACV096551, and referred hereafter as the underlying lawsuit.

## THE PARTIES

2. Cincinnati is an insurance company incorporated and having its principal place of business in the State of Ohio.

3. KLN Entertaintainment, LLC d/b/a Slideways Karting Center is a limited liability company formed and existing under the laws of the State of Iowa.

4. Nate Van Haaften, Kevin Cottington and Logan Van Zante reside in and are citizens of the State of Iowa.

5. On information and belief, Alexandra O'Neill and Phillip Castellano reside in and are citizens of the State of Iowa.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a), because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to Cincinnati's claim for declaratory relief occurred in this District.

## THE UNDERLYING LAWSUIT

8. The underlying lawsuit involves a claim by Alexandra O'Neill and Phillip Castellano on behalf of G.C. their minor child. The child was seriously injured in a go-

kart racing accident at KLN Entertainment, LLC d/b/a Slideways Karting Center (Slideways) in Marion County, Iowa on July 29, 2017.

9. Slideways operates a recreational "go-kart" racing track in Knoxville, Marion County, Iowa.

10. G.C. and his father, Phillip Castellano, went to Slideways to operate one of the "go-karts" at the race track.  G.C. and Phillip Castellano were allowed to enter the "pit area" of the race track by Slideways employees and were participating in the racing activity.

11. Another patron of Slideways was racing on the race track and bumped another "go-kart" causing the patron's "go-kart" to careen into the pit area and strike the "go-kart" G.C. was occupying.  G.C. suffered bodily injuries as a result of the accident.

12. Phillip Castellano and Alexandra O'Neill filed a lawsuit on behalf of G.C. on 1/20/18 in the Iowa District Court in and for Marion County, No. LACV 096551, which was tendered by Slideways, Nate Van Haaften, Kevin Cottington and Logan Van Zante to Cincinnati pursuant to the policy of insurance.  *See* a copy of the lawsuit attached hereto as Exhibit 1.

13. Cincinnati accepted a duty to defend Slideways under a complete reservation of all rights including, but not limited to, a duty to defend and indemnify Slideways, Nate Van Haaften, Kevin Cottington and Logan Van Zante for the G.C. litigation in a letter dated April 23, 2018 from its coverage counsel, i.e. the undersigned. *See* a copy of this letter attached hereto as Exhibit 2.

## CINCINNATI'S POLICY

14. Cincinnati issued policy no. CSU006720 to Slideways for the period of March 1, 2017 to March 1, 2018.  *See* a copy of the policy attached hereto as Exhibit 3.

15. The Commercial General Liability Coverage Form contains the following Insuring Agreement.

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

    **b.** This insurance applies to "bodily injury" or "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        **(2)** The "bodily injury" or "property damage" occurs during the policy period; …

16. The Commercial General Liability Coverage Form has liability limits of $1,000,000 per occurrence and a general aggregate limit of $2,000,000.

17. The Commercial General Liability Coverage Form has several attached endorsements incorporated into the policy.

18. There is an exclusionary endorsement attached and incorporated into the insurance policy for "Amusement Ride or Device".

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

    **EXCLUSION – AMUSEMENT RIDE OR DEVICE**

This endorsement modified insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A. The following exclusion is added to Paragraph **2. Exclusions** of **Section Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverages – Personal and Advertising Injury:**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" caused by or arising out of:

1. The ownership, operation, supervision, rental, lease, maintenance, use or entrustment to others of any amusement ride, device or equipment, including but not limited to mechanical or non-mechanical ride, slides, water slides, inflatable amusement device or bungee operation or equipment.

2. The negligent employment, supervision or training of any person for whom any insured is or was ever legally responsible for operations described in Paragraph **1**. Above.

19. There is an exclusionary endorsement attached and incorporated into the insurance policy for "Athletic or Sports Activities".

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ATHLETIC OR SPORTS ACTIVITIES**

This exclusion modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A. The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" to any person while practicing, instructing, supervising, officiating, training or participating in any physical exercise, game, sport, athletic contest or exhibition.

20. There is an exclusionary endorsement attached and incorporated into the insurance policy for "Participants and Contestants".

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – PARTICIPANTS AND CONTESTANTS**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" to any person while practicing, instructing, supervising, officiating, training or participating in any physical exercise, game, sport, contest, race, exhibition, demonstration, special event, performance or show.

## COUNT I. - NO DUTY TO DEFEND

21. Cincinnati incorporates by reference the allegations contained in paragraphs 1-20, as if fully set forth herein.

22. Under the attached and incorporated express terms of the exclusionary endorsements "Amusement Ride or Device", "Athletic or Sports Activities" and "Participants and Contestants" attached to the Commercial General Liability Coverage Form, Cincinnati has no duty to defend KLN Entertainment, LLC d/b/a Slideways Karting Center, Nate Van Haaften, Kevin Cottington, Logan Van Zante and any other named insured in the G.C. underlying lawsuit.

## COUNT II. - NO DUTY TO INDEMNIFY

23. Cincinnati incorporates by reference the allegations contained in paragraphs 1-22, as if fully set forth herein.

24. Under the attached and incorporated express terms of the exclusionary endorsements "Amusement Ride or Device", "Athletic or Sports Activities" and "Participants and Contestants" attached to the Commercial General Liability Coverage Form, Cincinnati has no duty to defend KLN Entertainment, LLC d/b/a Slideways Karting Center, Nate Van Haaften, Kevin Cottington, Logan Van Zante and any other named insured in the G.C. underlying lawsuit.

WHEREFORE, Cincinnati Insurance Company respectfully requests that this Court:

(i) Enter a declaratory judgment that the Cincinnati Insurance Company has no duty to defend or indemnify the defendants in the underlying G.C. lawsuit;

(ii) Otherwise declare the rights and obligations of the parties under the Cincinnati Insurance Company policy; and,

(iii) Award Cincinnati Insurance Company its costs incurred herein and such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of August, 2018.

                            HELLIGE & FREY, P.C.

                            By */s/ Michael J. Frey*
                                Michael J. Frey, AT0002698
                                505 Fifth Street, Suite 433
                                Sioux City, IA  51101
                                712-255-4444 (Phone)
                                712-255-4465 (Fax)
                                mikef@helligelaw.com
                                susane@helligelaw.com

                                ATTORNEY FOR PLAINTIFF